United States District Court
Southern District of Texas
**ENTERED**
July 25, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ROY WAYNE JACKSON, JR., § | |
| § | |
| Plaintiff, § | |
| V. § | CIVIL ACTION NO. 2:23-CV-00187 |
| § | |
| ISABELL ZUNIGA, § | |
| § | |
| Defendant. § | |

## ORDER OF DISMISSAL AND SANCTIONS WARNING

Plaintiff Roy Wayne Jackson, Jr., a Texas inmate currently confined at the McConnell Unit, a prison unit of the Texas Department of Criminal Justice ("TDCJ"), in Beeville, Texas, has filed this pro se prisoner civil rights complaint pursuant to 42 U.S.C. § 1983. (D.E. 1). Plaintiff did not submit the filing fee along with his complaint. However, as explained below, Plaintiff must pay the full filing fee to proceed because he falls within the three strikes provision of 28 U.S.C. 1915(g).

### I. Discussion

**A. Three-Strikes Rule**

Prisoner civil rights actions are subject to the provisions of the Prison Litigation Reform Act, including the three strikes rule, 28 U.S.C. § 1915(g). The three strikes rule provides that a prisoner who has had, while incarcerated, three or more actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted is prohibited from bringing any more actions or appeals *in forma pauperis* ("IFP"). 28 U.S.C. § 1915(g); *Baños v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). The three strikes rule provides an exception permitting prisoners who are under imminent danger of physical harm to proceed without prepayment of the filing fee. 28 U.S.C. § 1915(g); *Baños*, 144 F.3d at 884.

Plaintiff has had five prior actions dismissed as frivolous, malicious, or for failure to state a claim for relief. *See Jackson v. Hanen*, No. 4:23-cv-953 (S.D. Tex. May 24, 2023) (dismissed as frivolous); *Jackson v. Werlein*, No. 4:23-cv-792 (S.D. Tex. Apr. 30, 2023) (dismissed as frivolous); *Jackson v. Lumpkin*, No. 4:23-cv-260 (S.D. Tex. Mar. 23, 2023) (dismissed as frivolous and for failure to state a claim for relief); *Jackson v. Samaniego*, No. 2:22-cv-101 (S.D. Tex. Mar. 10, 2023) (dismissed as frivolous and malicious); *Jackson v. State of Texas*, No. 4:22-cv-3687 (S.D. Tex. Jan. 5, 2023) (dismissed as frivolous and malicious). Plaintiff, therefore, is barred from proceeding IFP in this prisoner civil rights action unless he can show he is under imminent danger of serious physical injury.

This Court must assess whether Plaintiff was exposed to imminent danger of serious injury at the time he filed this complaint. *Choyce v. Dominguez,* 160 F.3d 1068, 1071 (5th Cir. 1998) (per curiam) (citing *Baños,* 144 F.3d at 884–85). To satisfy the imminent danger requirement of § 1915(g), the threat must be "real and proximate." *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003) (citation omitted). In addition, the harm must be imminent or occurring at the time the complaint is filed, and the plaintiff must refer to a "genuine emergency" where "time is pressing." *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003) (per curiam) (citation omitted). Congress intended a safety valve to prevent impending harms, not those injuries which allegedly had already occurred. *Abdul–Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001) (en banc).

Plaintiff alleges in his complaint that, on February 8, 2023, McConnell Unit official Isabell Zuniga ("Zuniga") assaulted Plaintiff by breaking his hand and taking part in a conspiracy to stalk Plaintiff. (D.E. 1, p. 2). Plaintiff believes that "they," presumably McConnell Unit officials, have instructed "Federal district court clerks to keep [him] out of the Courts." *Id.* Plaintiff believes these actions are placing his life in danger. *Id.*

Plaintiff's allegations fail to suggest he was exposed to imminent danger of serious injury at the time he submitted this action. Plaintiff's allegations regarding past threats and assaults fail to indicate

he is exposed currently to an imminent danger of serious injury. *See Summers v. Paxton*, No. 1:20-CV-425, 2023 WL 4307640, at *1 (E.D. Tex. May 31, 2023), *recommendation adopted by* 2023 WL 4306678 (E.D. Tex. Jun. 29, 2023) ("Allegations of past threats and assaults are insufficient to show that plaintiff was in imminent danger at the time he filed his complaint."). Plaintiff further offers vague and conclusory allegations regarding a conspiracy to stalk him and prevent him from accessing the Court with his complaints. Plaintiff's conclusory allegations are not supported by specific facts from which the Court could conclude that he was in imminent harm of serious injury at the time he filed his complaint.

### B. Sanctions Warning

Federal courts have inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for [its] orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993) (citation omitted). Included in this power is the authority to levy sanctions in response to abusive litigation practices, especially where a *pro se* litigant has a history of submitting multiple frivolous claims. *Id.*; FED. R. CIV. P. 11; *Mayberry v. Stephens*, No. 13-10978, 2014 WL 3724965, at *1 (5th Cir. July 29, 2014) (warning prisoner of sanctions for further frivolous motions). Appropriate sanctions may include restrictions on the ability to file future lawsuits without leave of court as well as monetary sanctions. *United States v. Perkins*, 424 F. App'x 328, 329 (5th Cir. 2011); *Silver v. City of San Antonio*, No. SA-19-MC-1490-JKP, 2020 WL 3803922, at *4–5 (W.D. Tex. July 7, 2020).

Here, as detailed above, Plaintiff has filed several actions that were dismissed as frivolous. Plaintiff also has filed a previous prisoner civil rights action against the same defendant—in which he alleged similar facts—that was dismissed by the Court as barred by the three-strikes rule. *See Jackson v. Zuniga*, No. 2:23-cv-171 (S.D. Tex. July 10, 2023).

Despite the dismissal of his previous action, Plaintiff submitted this action against Zuniga on a non-prisoner complaint form. (D.E. 1). However, the envelope in which he sent his complaint lists the following address: 3001 S. Emily Dr., Porter, TX 78102." (D.E. 1-4). When substituting "Beeville" for "Porter," Plaintiff's listed address on the envelope matches the address of the McConnell Unit, a prison unit of the TDCJ. Review of the TDCJ website confirms that Plaintiff is currently housed at the McConnell Unit.[1] Given that Plaintiff prepared his complaint on a non-prisoner complaint form and incorrectly listed a portion of his mailing address, the Court has reason to believe Plaintiff is attempting to mislead it deliberately so that the Court would not bar his current action under the prisoner three-strikes rule.

Given the circumstances regarding the filing of this action and his history of filing frivolous actions, Plaintiff is warned that he will be subjected to the imposition of sanctions, including but limited to filing restrictions and monetary sanctions, should he continue to engage in further abusive litigation practices.

## II. Conclusion

The Court **ORDERS** that this case be **DISMISSED without prejudice** because Plaintiff did not include the full filing fee with his complaint and has failed to allege he was in imminent danger of serious injury at the time he filed this case. The Clerk of Court is **DIRECTED** to send a copy of this Order to the "Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov" and is further **DIRECTED** to **CLOSE** this case. Plaintiff may move to reinstate this action within thirty (30) days of the date of the entry of this Order, but only if the appropriate $402.00 filing fee is paid simultaneously with the motion to reinstate.

The Court further **ORDERS** that appropriate sanctions, which include but are not limited to filing restrictions and monetary sanctions, will be imposed on Plaintiff should he:

---

[1] *See* TDCJ Offender Search Website, https://inmate.tdcj.texas.gov/InmateSearch/viewDetail.action?sid=05984948 (last visited July 24, 2023).

- seek to bring an additional prisoner civil rights action against Zuniga in which he attempts to raise the same or similar allegations, unless he includes the $402.00 filing fee with the new complaint against Zuniga;

- seek to bring any additional prisoner civil rights action where the $402.00 filing fee is not included and otherwise without a showing he is under imminent danger of serious injury at the time of filing his complaint, resulting in the action being barred by the three-strikes rule set forth in § 1915(g); and/or

- attempt to submit to the Court an action on a non-prisoner complaint form while he is in TDCJ custody and housed at a TDCJ prison unit.

SO ORDERED.

_____
DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Dated: Corpus Christi, Texas
July 24, 2023